**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. King*, Slip Opinion No. 2026-Ohio-2656.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2026-OHIO-2656

THE STATE OF OHIO, APPELLANT, *v.* KING, APPELLEE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. King*, Slip Opinion No. 2026-Ohio-2656.]**

*Criminal law—Crim.R. 29—R.C. 2945.67(A)—Under R.C. 2945.67(A), a postverdict judgment of acquittal may not be appealed as of right by the State but is subject to a discretionary appeal by the State—*State ex rel. Yates v. Montgomery Cty. Court of Appeals *overruled—Court of appeals' judgment denying the State's motion for leave to appeal trial court's postverdict judgment of acquittal reversed and cause remanded to court of appeals for consideration of the State's motion—Court of appeals' judgment dismissing the State's appeal as of right of trial court's postverdict judgment of acquittal affirmed.*

(No. 2024-1608—Submitted October 28, 2025—Decided July 14, 2026.)

APPEAL from the Court of Appeals for Cuyahoga County,

Case Nos. 114315 and 114317.

_____

DeWine, J., authored the opinion of the court, which Deters, Hawkins, and Shanahan, JJ., joined. Kennedy, C.J., concurred in part and dissented in part, with an opinion joined by Fischer and Brunner, JJ.

**DeWine, J.**

{¶ 1} Crim.R. 29(B) permits a trial court to set aside a jury's guilty verdict and enter a judgment of acquittal. The question in this case is whether the State may appeal such a judgment of acquittal.

{¶ 2} We hold that the State—with leave of the court of appeals—may appeal a judgment of acquittal rendered by a trial court after a jury's guilty verdict. Relevant here is R.C. 2945.67(A). That provision allows the State to appeal certain trial-court decisions as of right and further provides that with leave of the court of appeals, the State may appeal "any other decision, except the final verdict, of the trial court in a criminal case." Although a post-verdict judgment of acquittal does not fall within the matters that may be appealed as of right, it falls squarely within the matters that are subject to a discretionary appeal.

{¶ 3} In reaching our decision today, we overrule *State ex rel. Yates v. Montgomery Cty. Court of Appeals*, 32 Ohio St.3d 30 (1987), which erroneously concluded that a post-verdict judgment of acquittal was a "final verdict" and was therefore not appealable. As we shall explain, the term "final verdict" does not encompass a trial court setting aside a jury's guilty verdict and entering a judgment of acquittal.

## I. BACKGROUND

{¶ 4} Diamond King was tried before a jury on charges of strangulation, domestic violence, and endangering children. After the State presented its case, King moved for a judgment of acquittal under Crim.R. 29(A), which the trial court denied. King renewed her Crim.R. 29(A) motion after she presented her case. This

time, the trial court exercised its right under Crim.R. 29(B) to reserve decision on the motion until after the jury returned its verdict.

{¶ 5} The jury found King guilty of two counts of endangering children and acquitted her on the remaining charges. The next day, the trial court granted the motion for judgment of acquittal and set aside the jury's verdicts.

{¶ 6} The State appealed as of right from the trial court's judgment of acquittal to the Eighth District Court of Appeals (case No. 114315). Noting that R.C. 2945.67(A) authorizes an appeal as of right from the grant of a motion that dismisses all or any part of an indictment, the State argued that a trial court's judgment of acquittal was "a functional equivalent to a dismissal."

{¶ 7} In the alternative, the State filed a motion for leave to appeal (case No. 114317). The State acknowledged that under *Yates*, 32 Ohio St.3d 30, and *State v. Keeton*, 18 Ohio St.3d 379 (1985), the court of appeals was bound to dismiss the appeal, but it explained that it was pursuing leave to appeal with the aim of "ask[ing] the Supreme Court of Ohio to overrule *Yates* and *Keeton*."

{¶ 8} The Eighth District denied the State's motion for leave to appeal on the authority of *Yates*. Nos. 114315 and 114317 (8th Dist. Oct. 1, 2024). And it dismissed the State's appeal as of right on the basis that the State "does not have an appeal of right to appeal the final verdict." *Id.*

{¶ 9} We accepted the State's appeal on a single proposition of law that asserts that "[a] trial court's judgment of acquittal entered pursuant to Crim.R. 29(B) following a jury's guilty verdict is not a 'final verdict' within the meaning of R.C. 2945.67(A) and does not implicate the Double Jeopardy Clauses of the United States and Ohio Constitutions." *See* 2025-Ohio-231.

## II. ANALYSIS

{¶ 10} This case requires us to determine whether a trial court's judgment of acquittal entered after a jury's guilty verdict under Crim.R. 29(B) may be

appealed by the State under R.C. 2945.67(A).  So we begin with the rule and the statute.

{¶ 11} Crim.R. 29(A) permits a motion for judgment of acquittal to be made by the defendant or on the trial court's own motion at the close of either party's case.  The motion may be granted "if the evidence is insufficient to sustain a conviction of such offense or offenses."  *Id.*  If a motion for judgment of acquittal is made after the close of all evidence, a trial court need not rule on the motion immediately but instead may "submit the case to the jury and decide the motion either before the jury returns a verdict, or after it returns a verdict of guilty, or after it is discharged without having returned a verdict."  Crim.R. 29(B).  After a guilty verdict has been returned by the jury, "a motion for judgment of acquittal may be made or renewed within fourteen days after the jury is discharged" and "the court may on such motion set aside the verdict and enter judgment of acquittal."  Crim.R. 29(C).

{¶ 12} This case involves a judgment of acquittal entered after a jury's guilty verdicts under Crim.R. 29(B).  Whether the State has a statutory right to appeal such a judgment of acquittal is governed by R.C. 2945.67(A), a statute by which the legislature has granted the State the right to appeal certain trial-court decisions in criminal cases.  It provides:

A prosecuting attorney . . . may appeal as a matter of right any decision of a trial court in a criminal case . . . [that] grants a motion to dismiss all or any part of an indictment, complaint, or information, a motion to suppress evidence, or a motion for the return of seized property or grants post conviction relief pursuant to sections 2953.21 to 2953.24 of the Revised Code, and may appeal by leave of the court to which the appeal is taken any other decision,

except the final verdict, of the trial court in a criminal case or of the
juvenile court in a delinquency case. . . .

(Of course, in addition to the limits on appellate rights imposed by R.C.
2945.67(A), the protections against double jeopardy in the state and federal
Constitutions may also independently limit the State's right to appeal a criminal
conviction. We'll get to the double-jeopardy issue later in this opinion. *See* Part
II(B).)

{¶ 13} The State presents alternative arguments for a right to appeal under
R.C. 2945.67(A). It first contends that it was entitled to an appeal as of right
because the trial court's post-verdict judgment of acquittal was the equivalent of a
dismissal. But even if we reject that argument, it maintains, it was entitled to
request leave to appeal because the trial court's post-verdict judgment of acquittal
was "any other decision" of the trial court and was not a final verdict.

{¶ 14} The court of appeals issued a journal entry dismissing both of the
State's appeals based on its conclusion that a post-verdict judgment of acquittal is
a final verdict. *See* Nos. 114315 and 114317 (8th Dist. Oct. 1, 2024). In denying
the State's motion for leave to appeal, the court of appeals cited our decision in
*Yates*, which held that a "judgment of acquittal by the trial judge, based upon
Crim.R. 29(C), is a final verdict within the meaning of R.C. 2945.67(A) and is not
appealable by the state as a matter of right or by leave to appeal pursuant to that
statute," 32 Ohio St.3d 30, at syllabus. And in dismissing the State's appeal as of
right, the court of appeals held that the State "does not have an appeal of right to
appeal the final verdict." Nos. 114315 and 114317 (8th Dist. Oct. 1, 2024).

{¶ 15} The parties focus their briefing on the meaning of "final verdict" for
purposes of R.C. 2945.67(A). So we turn next to the term "final verdict."

### A. Under a textual reading of R.C. 2945.67(A), a post-verdict judgment of acquittal is not a final verdict

{¶ 16} The State argues that the word "verdict" has long been understood as a jury's finding based on its determination of facts. Thus, in a criminal case, a verdict refers to the jury's determination of guilt or innocence. A final verdict, the State says, is a verdict that has become final after it has been announced and the jury has been polled to confirm that the verdict is unanimous. King argues that the word "verdict" has a broader meaning that encompasses a judge's judgment of acquittal, noting that the term "directed verdict" is sometimes used to refer to a trial court's judgment of acquittal.

{¶ 17} There can be little doubt that in ordinary usage, the word "verdict" is most often associated with a jury's resolution of the case based on its factual determinations. Thus, in the criminal context, we commonly refer to a jury's verdict of "guilty" or "not guilty." And in a civil case, we speak of a jury verdict for the plaintiff, or a defense verdict.

{¶ 18} The plain terms of R.C. 2945.67(A) and Crim.R. 29 offer considerable support for the State's argument that R.C. 2945.67(A)'s reference to "the final verdict" does not encompass a Crim.R. 29(B) judgment of acquittal. Crim.R. 29 was adopted by this court in 1973. 34 Ohio St.2d lxviii, lxviii-lxix. So it was against the backdrop of that rule that the General Assembly enacted R.C. 2945.67(A) in 1978. *See* Am.Sub.H.B. No. 1168, 137 Ohio Laws, Part II, 3895, 3897.

{¶ 19} The text of Crim.R. 29 distinguishes between a "verdict" and a "judgment of acquittal." A trial court may decide a motion for judgment of acquittal made at the close of all the evidence "either before *the jury returns a verdict*, or after it returns a verdict of guilty, or after it is discharged without having returned a verdict." (Emphasis added.) Crim.R. 29(B). If a guilty verdict is returned, a motion for judgment of acquittal may be made or renewed and the court

may "*set aside the verdict* and enter judgment of acquittal."  (Emphasis added.) Crim.R. 29(C).

**{¶ 20}** This phraseology confirms that verdicts and judgments of acquittal are two different things.  Crim.R. 29(C) further juxtaposes a "verdict" and a "judgment of acquittal."  It is the jury that renders a verdict; when a judge exercises his or her authority under Crim.R. 29(C), the judge doesn't enter a different verdict. Rather, the judge "set[s] aside the verdict and enter[s] judgment of acquittal." Crim.R. 29(C).

**{¶ 21}** Dictionary definitions from the time of R.C. 2945.67(A)'s enactment through present day confirm that the word "verdict" is, and has been, commonly associated with a jury's factual finding.  *Webster's Third New International Dictionary* (1961) defines "verdict" as "the answer of a jury given to a court concerning a matter of fact in a civil or criminal cause committed to their examination and determination" and as "the finding or decision of a jury on the matter legally submitted to them in the course of the trial of a cause that ordinarily in civil actions is for the plaintiff or for the defendant and in criminal actions guilty or not guilty." *See also The American Heritage Dictionary of the English Language* (1978) (a verdict is "[t]he decision reached by a jury at the conclusion of a legal proceeding").

**{¶ 22}** The edition of *Black's Law Dictionary* current at the time of R.C. 2945.67(A)'s enactment provided a similar definition: "The formal and unanimous decision or finding made by a jury, impaneled and sworn for the trial of a cause, and reported to the court (and accepted by it), upon the matters or questions duly submitted to them upon the trial." *Black's Law Dictionary* (4th Ed. 1968); *see also Ballentine's Law Dictionary* (3d Ed. 1969) (a verdict is the "[t]he final decision of a jury concerning matters of fact submitted to it by the court for determination"); *Bouvier's Law Dictionary* (1940) (a verdict is "[t]he unanimous decision made by

a jury and reported to the court on the matters lawfully submitted to them in the course of a trial of a cause").

{¶ 23} A verdict has been associated with a jury in statutory pronouncements dating back to the 1200s. *See, e.g.*, 12 Edw. I., Ch. 9 (1284), 1 Statutes of the Realm 65 ("according to [the jury's] Verdict shall Judgement be awarded"); 11 Hen. VII, Ch. 21, § 4 (1495), 2 Statutes of the Realm 584 ("the petit[] Jury haven [given] a true [Verdict]"); 6 Anne, Ch. 53, § 9 (1707), 8 Statutes of the Realm 784 ("in all Verdicts to be given by the Juries"); 21 Jac. I, Ch. 13, § 1 (1623-1624), 4 Statutes of the Realm 1221 ("any Verdict of Twelve Men or more"); 3 Jac. I, Ch. 10, § 3 (1605-1606), 4 Statutes of the Realm 1086 ("[action shall be joined] to be tried by verdict of twelve Men"); 21 Jac. I, Ch. 6 (1623-1624), 4 Statutes of the Realm 1216 ("any Woman being [lawfully] convicted by her Confession, or by the Verdict of Twelve Men"); 1 Gul. & Mar., Ch. 34, § 7 (1688), 6 Statutes of the Realm 102 ("value and price" of goods to be "determined by the Jury"). *Compare* 6 Anne, Ch. 53, § 10 (1707), 8 Statutes of the Realm 784, 785 (barons "may and shall proceed to give Judgment"); 25 Car. II, Ch. 10, § 3 (1672), 5 Statutes of the Realm 796 ("Verdict of such Jury" versus "the Judgement of the said Lord [Mayor]"). Thus, while "barons" and "mayors"—like judges—might issue "judgments," it has always been juries who pronounce verdicts.

{¶ 24} Our statutory scheme continues this understanding to this day. In addition to R.C. 2945.67(A), Ohio's Criminal Code, R.C. Title 29, contains numerous other references to a "verdict." These references associate a verdict with a jury's fact-finding decision. *See, e.g.*, R.C. 163.14(B) ("The jury, in its verdict . . . ."); R.C. 2945.77 ("When the jurors agree upon their verdict . . . ."); R.C. 2945.171 ("the verdict of the jury shall be in writing and signed by each of the jurors"). Indeed, it is impossible to find any reference to "verdict" in the Ohio Revised Code that uses the word to encompass a trial court's override of a jury's verdict by entering a judgment of acquittal.

8

{¶ 25} It is possible to find references in caselaw to a "verdict" in the context of a judge or a panel of judges acting as a finder of fact in a bench trial. *See, e.g.*, *State v. Ruppert*, 54 Ohio St.2d 263 (1978), paragraph one of the syllabus ("Where an accused, charged with a capital offense, . . . waives his right to a trial by jury . . . , and is subsequently tried before a three-judge panel, the panel may render a verdict upon a majority vote of its members . . . ."); *State v. White*, 15 Ohio St.2d 146, 151 (1968) (referring to "the verdict" even though the case was tried to a three-judge panel); *State v. Slagle*, 2012-Ohio-1575, ¶ 2 (2d Dist.) ("judge rendering a verdict based on review of an audiovisual record of a bench trial"). And the most recent edition of *Black's Law Dictionary* adds a second definition of "verdict"—that was not included in the version at the time of R.C. 2945.67's enactment—reflecting such a usage. *See Black's Law Dictionary* (12th Ed. 2024) (a verdict is "[l]oosely, in a nonjury trial, a judge's resolution of the issues of a case").

{¶ 26} But even in this context, the better and more prevalent view is that when a judge sits as finder of fact in the place of a jury in a bench trial, the judge does not render a verdict. *Compare* Crim.R. 31(A) (setting forth requirements for a "verdict," including that it be signed "by all jurors") *with* Crim.R. 23(C) ("In a case tried without a jury the court shall make a general finding."). Thus, we have distinguished between "a finding of guilt based upon a bench trial" and "a guilty verdict resulting from a jury trial." *State v. Lester*, 2011-Ohio-5204, ¶ 7; *see also* Garner, *A Dictionary of Modern Legal Usage*, 913 (2d Ed. 1995) ("Juries, not judges, hand down verdicts . . . ."); *State v. Sims*, 2015-Ohio-4996, ¶ 24 (1st Dist.) ("Under a plain-meaning analysis, 'verdict' means a decision issued by a jury."); *Jarupan v. Hanna*, 2007-Ohio-5081, ¶ 7 (10th Dist.) ("Only juries render verdicts; trial courts render judgments."); *Boedker v. Warren E. Richards Co.*, 124 Ohio St. 12, 19 (1931) (in a bench trial, "[t]echnically speaking, the finding of the court would not be the verdict of a jury").

**{¶ 27}** We need not linger on the common, but imprecise, use of the word "verdict" that includes a judge's determination about guilt or innocence after a bench trial. In such a context, the judge steps into the role of the jury as fact-finder and makes the factual determination about guilt or innocence based on the evidence presented. *Boedker* at syllabus ("the finding of the court is the *equivalent* of a verdict of a jury" when "an action at law is submitted to the court, trial by jury being waived by the parties" [emphasis added]). That is far different from an action by a judge who sets aside a jury's verdict and enters a judgment of acquittal.

**{¶ 28}** What then of the term "directed verdict"? King asserts that "the phrase 'directed verdict of acquittal' has long been used for judgments by a trial court under Crim.R. 29." The term "directed verdict" traces back to common law. *See* Blume, *Origin and Development of the Directed Verdict*, 48 Mich.L.Rev. 555, 558-561, 573 (1950). Judges initially had no power to simply enter a judgment in a case that was tried to a jury—to do so would be to usurp the power of the jury. *See id.* at 555-558 (discussing *Bushnell's Case*, 124 Eng.Rep. 1006 (1670)). So the practice eventually developed that when a party failed to present sufficient evidence, a judge could direct the jury to return a particular verdict. *See Schuchardt v. Allens*, 68 U.S. 359, 369 (1863) ("Where there is no dispute about facts, and the law arising upon them is conclusive against the right of the plaintiff to recover, it is proper for the court so to instruct the jury."). Over time, it came to be understood that a judge's instruction was mandatory and that the jury had no authority to disregard the judge's charge to direct a verdict. *See Pennsylvania RR. Co. v. Chamberlain*, 288 U.S. 333, 343 (1933); Blume at 568, 572.

**{¶ 29}** Modern practice has abandoned the formality of requiring a jury to return a particular verdict upon a judge's instructions. *See, e.g.*, Civ.R. 50; Crim.R. 29; Fed.R.Civ.P. 50; Fed.R.Crim.P. 29. And the term "directed verdict" is not employed in the Ohio Rules of Criminal Procedure, the Federal Rules of Criminal Procedure, or the Federal Rules of Civil Procedure, though it is used in Ohio's

Civ.R. 50. Despite this evolution, the term "directed verdict" is still sometimes employed in Ohio as a colloquial shorthand for a Crim.R. 29 judgment of acquittal. *See, e.g.*, *State v. Hampton*, 2012-Ohio-5688, ¶ 21 ("This common-law concept of a directed verdict has now been memorialized through Crim.R. 29."), *overruled on other grounds by State v. Musarra*, 2025-Ohio-5058, ¶ 26; *State v. Bickel*, 2008-Ohio-5747, ¶ 2 (9th Dist.) ("After the state rested its case, [the defendant] moved for a Crim.R. 29 directed verdict.").

{¶ 30} This occasional use of the colloquial term "directed verdict" to refer to a Crim.R. 29 judgment of acquittal does little to advance King's argument. The history of the term makes clear that it refers not to a judge's verdict but instead is a judge's direction to the jury to return a particular verdict. *See Black's Law Dictionary* (5th Ed. 1979) (a directed verdict occurs when a judge "rules that the party with the burden of proof has failed to make out a prima facie case" and "under these circumstances orders the jury to return a verdict for the other party"). In modern criminal practice, a trial court's judgment of acquittal under Crim.R. 29 does not require that the jury enter a verdict of acquittal at all. So, there is little reason to think that the term "final verdict" in R.C. 2945.67(A) encompasses a post-verdict Crim.R. 29(B) judgment of acquittal.

{¶ 31} This understanding is buttressed by consideration of the structure of R.C. 2945.67(A). The provision creates a broad right to appeal ("any other decision . . . of the trial court") but limits that right with a narrow exception ("except the final verdict"). A principle of statutory construction is that when "construing provisions . . . in which a general statement of policy is qualified by an exception, we usually read the exception narrowly in order to preserve the primary operation of the provision." *Commr. of Internal Revenue v. Clark*, 489 U.S. 726, 739 (1989); *see also* 2A Norman J. Singer, *Statutes and Statutory Construction*, § 47:11, at 246-247 (6th Ed. 2000) ("Subsidiary clauses which limit the generality of a rule are narrowly construed, as they are considered exceptions."). This principle flows from

the common-sense notion that when the legislature has expressed a broad policy, courts ought not to allow an exception to swallow the rule without clear textual support. Here, the legislature's broad grant of authority to the State to appeal "any other decision" weighs strongly against the adoption of a strained reading of "final verdict" to encompass what is not a verdict at all.

{¶ 32} Thus, if we were deciding this case based on plain text, we would have little difficulty determining that the phrase "except the final verdict" in R.C. 2945.67(A) does not preclude an appeal of a Crim.R. 29(B) judgment of acquittal entered after a jury's verdict.

### B. There is no double-jeopardy bar to this appeal

{¶ 33} Of course, R.C. 2945.67(A) is not the sole consideration in determining whether the State may pursue an appeal. The double-jeopardy protections of the Ohio and federal Constitutions also place limitations on the State's ability to appeal in certain situations.

{¶ 34} The Fifth Amendment to the United States Constitution provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." The Ohio Constitution contains a similar safeguard: "No person shall be twice put in jeopardy for the same offense." Ohio Const., art. I, § 10. "We have generally proceeded on the assumption that these provisions are coextensive." *State v. Ramirez*, 2020-Ohio-602, ¶ 10. Because neither party to this case has argued for an independent interpretation of the Ohio provision, we have no occasion to revisit that assumption here. *See id.*

{¶ 35} Modern double-jeopardy doctrine recognizes several protections: it prohibits (1) a second prosecution for the same offense after an acquittal, (2) a second prosecution for the same offense after a conviction, and (3) multiple punishments for the same offense. *State v. Gustafson*, 1996-Ohio-299, ¶ 35, citing *United States v. Halper*, 490 U.S. 435, 440 (1989). This case involves the first

category—the prohibition against a second prosecution for the same offense after an acquittal.

{¶ 36} Protections against double jeopardy historically applied only after a jury had returned a verdict. *Smith v. Massachusetts*, 543 U.S. 462, 466 (2005). Contemporary jurisprudence, however, extends the protection to include any judicial rulings that a "prosecution's proof is insufficient to establish criminal liability for an offense." *Evans v. Michigan*, 568 U.S. 313, 318 (2013). Thus, when a trial court determines that the prosecution's evidence is legally insufficient to establish guilt, that determination constitutes an acquittal for double-jeopardy purposes and precludes retrial. *See id.* at 318-319.

{¶ 37} In the context of Crim.R. 29, this means that a defendant cannot be retried when a judge has granted a judgment of acquittal *before* the jury returns a verdict, *see* Crim.R. 29(A) and (B). In this scenario, the double-jeopardy protection precludes a State appeal seeking retrial because a subsequent trial would place the defendant in jeopardy for a second time.

{¶ 38} But when a judge grants a judgment of acquittal *after* the jury has returned a guilty verdict, *see* Crim.R. 29(B) and (C), the double-jeopardy protection does not preclude a State appeal. As the United States Supreme Court has explained, "[i]f a court grants a motion to acquit after the jury has convicted, there is no double jeopardy barrier to an appeal by the government from the court's acquittal, because reversal would result in reinstatement of the jury verdict of guilt, not a new trial." *Evans* at 330, fn. 9. Thus, "if a trial court acquits a defendant after a jury conviction, it does not violate double-jeopardy principles for the appellate court to reinstate the jury verdict." *Ramirez*, 2020-Ohio-602, at ¶ 16.

{¶ 39} On a plain reading, nothing in the text of R.C. 2945.67(A) precludes the State from asking for leave to appeal a post-verdict judgment of acquittal. Nor is there a double-jeopardy barrier to an appeal from such a judgment. But this case

isn't quite so simple. We also need to reckon with our prior caselaw on the issue. We turn there next.

### C. Yates *was wrongly decided*

{¶ 40} This court initially appeared to understand R.C. 2945.67(A)'s reference to a "final verdict" as simply incorporating double-jeopardy limitations on an appeal. In a 1984 case, we noted in dicta that R.C. 2945.67(A) allowed for State appeals by leave, "which may be taken from any decision other than [a decision which the statute makes appealable as of right] or, owing to double jeopardy considerations, the final verdict." *State ex rel. Leis v. Kraft*, 10 Ohio St.3d 34, 36 (1984).

{¶ 41} The next year, this court decided *Keeton*, 18 Ohio St.3d 379. The trial court in that case excluded certain evidence and subsequently entered a judgment of acquittal for each of the three defendants at the close of the evidence, citing concerns regarding the chain of custody and the handling of certain physical evidence. *Id.* at 380. The State did not attempt to appeal the judgments of acquittal but instead sought leave to appeal "the alleged erroneous ruling[s] of law underlying the trial court's judgments of acquittal pursuant to R.C. 2945.67(A)." *Id.* This court began its analysis by noting that it was "aware that the double-jeopardy protections of the United States Constitution and the Ohio Constitution bar the retrial of the defendants." *Id.* at 380-381. It also opined that "[a] directed verdict of acquittal by the trial judge in a criminal case is a 'final verdict' within the meaning of R.C. 2945.67(A) which is not appealable by the state as a matter of right or by leave to appeal pursuant to that statute." *Id.* at 381. Nevertheless, the court held that the evidentiary rulings that the State sought leave to appeal fell within the range of matters subject to a discretionary appeal under R.C. 2945.67(A). *Id.* at 381. Thus, the court remanded the case to the court of appeals for it to decide whether the State should be granted leave to appeal the trial court's allegedly erroneous evidentiary rulings. *Id.*

{¶ 42} In *Keeton*, the State did not attempt to appeal the judgments of acquittal and we acknowledged that double-jeopardy principles barred the retrial of the defendants. Thus, the court's statement equating a judgment of acquittal with a "final verdict" was seemingly dicta, being unnecessary to the resolution of the case. Curiously though, the *Keeton* court made the statement a part of the case's syllabus. *See id.* at paragraph two of the syllabus.

{¶ 43} In *Yates*, 32 Ohio St.3d 30, however, this court turned what was arguably dicta in *Keeton* into an express holding. At issue in *Yates* was a Crim.R. 29(C) judgment of acquittal that was entered after a jury returned a guilty verdict. *Id.* at 30-31. After the court of appeals allowed a discretionary appeal, the defendant filed for a writ of prohibition to prevent the court of appeals from considering the appeal. *Id.* at 31. In defending against the writ action, the court of appeals asserted that R.C. 2945.67(A) "was written broadly and designed to prevent a criminal defendant from being placed in double jeopardy." *Id.* at 31. Thus, in its view, a Crim.R. 29(C) judgment of acquittal was not a final verdict because it did not prevent the retrial of the defendant.

{¶ 44} The court in *Yates* disagreed with the court of appeals, opining that the issue was "not one of double jeopardy but rather whether a judgment of acquittal pursuant to Crim.R. 29(C) is a final verdict." *Id.* at 32. The court held it was. The court offered little analysis to support its holding. It noted that the federal statute governing criminal appeals allowed a government appeal from a decision dismissing an indictment or information or granting a new trial after verdict or judgment except ""where the double jeopardy clause of the United States Constitution prohibits further prosecution"" (emphasis deleted), *id.*, quoting 18 U.S.C. 3731, and that the Ohio statute did not contain the same language, *id.* at 32. It cited to *Keeton*. *See Yates* at 32. And it suggested that it would be "incongruous" to allow an appeal under Crim.R. 29(C) but not under Crim.R. 29(A). *Id.* at 32. But that was the extent of its analysis. It did not make any attempt to engage with

the text of Crim.R. 29 and the rule's distinction between a judgment of acquittal and a verdict. Nor did it attempt to reconcile its holding with the plain language of R.C. 2945.67(A) and the common meaning of the word "verdict."

{¶ 45} *Yates* was a four-to-three decision that drew strong dissents. Justice Holmes explained that R.C. 2945.67(A) was intended to enlarge the authority of the State to appeal adverse decisions. *Id.* at 34 (Holmes, J., dissenting). He traced the history of the provision, including this court's interpretation of a prior version of the statute, *id.* at 34-35 (Holmes, J., dissenting), and he concluded that in enacting R.C. 2945.67(A), the legislature intended to expand the State's ability to appeal adverse determinations "as fully as would . . . not run afoul of . . . the double jeopardy prohibition," *id.* at 35 (Holmes, J., dissenting).

{¶ 46} Justice Douglas wrote his own dissent, focusing on the "common, ordinary meaning of the word 'verdict.'" *Id.*, 32 Ohio St.3d at 36 (Douglas, J., dissenting). "Courts do not render verdicts. Courts render judgments," he explained. (Emphasis deleted.) *Id.* "The legislature could easily have used the word 'judgment' in place of or in addition to the term 'verdict' if that had been its intention. Instead, the statute refers only to verdicts, and this court may not assume that judgments are also encompassed in the statute's purview," he elaborated. *Id.* at 36 (Douglas, J., dissenting). Justice Douglas traced the majority's confusion to "the unfortunate misuse of the term 'directed verdict'" in *Keeton*, 18 Ohio St.3d 379. *Yates* at 36-37 (Douglas, J., dissenting). He explained that the term "directed verdict" is only applicable in civil cases under Civ.R. 50(A) and that the Criminal Rules make no mention of the term. *Id.* at 37 (Douglas, J., dissenting).

{¶ 47} We agree with these dissenters that the majority in *Yates* erred in its resolution of that case. The plain text of R.C. 2945.67(A) and Crim.R. 29 simply do not support the result that the *Yates* court reached. Nonetheless, King argues that by failing to change R.C. 2945.67(A) in reaction to the *Yates* decision, the legislature signaled its approval of the result.

16

{¶ 48} Arguments about legislative inaction, however, merit "'little weight in the interpretive process.'" *Alexander v. Sandoval*, 532 U.S. 275, 292 (2001), quoting *Cent. Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 187 (1994); *see also Oliver v. Kaiser Community Health Found.*, 5 Ohio St.3d 111, 115 (1983), quoting *Berry v. Branner*, 245 Or. 307, 311 (1966) ("'Legislative inaction is a weak reed upon which to lean in determining legislative intent.'"), *superseded by statute on other grounds as stated in Marshall v. PricewaterhouseCoopers, L.L.P.*, 371 Or. 536, 539-540 (2023). This is for two reasons. First, arguments about legislative silence rest "on the patently false premise that the correctness of statutory construction is to be measured by what the current [legislature] desires, rather than by what the law as enacted meant." *Johnson v. Transp. Agency, Santa Clara Cty., California*, 480 U.S. 616, 671 (1987) (Scalia, J., dissenting). But even if one accepts the flawed premise that the intent of later legislatures should carry weight in the interpretative process, it is still "'impossible to assert with any degree of assurance'" that the failure to act "'represents' affirmative [legislative] approval of the [Supreme] Court's statutory interpretation." *Patterson v. McLean Credit Union*, 491 U.S. 164, 175, fn. 1 (1989), *superseded by statute on other grounds as stated in CBOCS West, Inc. v. Humphries*, 553 U.S. 442, 450 (2008), quoting *Johnson* at 672 (Scalia, J., dissenting). Indeed, drawing conclusions about legislative intent from a failure to act requires one to "ignore rudimentary principles of political science." *Johnson* at 671-672 (Scalia, J., dissenting). After all, there is no way to know whether legislative inaction "represents (1) approval of the status quo, as opposed to (2) inability to agree upon how to alter the status quo, (3) unawareness of the status quo, (4) indifference to the status quo, or even (5) political cowardice." *Id.* at 672 (Scalia, J., dissenting). To put it bluntly, "vindication by [legislative] inaction is a canard." *Id.*

**{¶ 49}** The legislature's failure to amend a statute cannot be treated as dispositive approval of a court's prior interpretation. To do so would elevate speculation over text, and silence over lawmaking. In short, legislative silence does not bear the same weight as legislative action. Enacted text—not conjecture about inertia—controls.

### D. *We overrule* Yates

**{¶ 50}** There is no question that the best reading of R.C. 2945.67(A) is that a post-verdict judgment of acquittal is not a final verdict. The majority in *Yates* held otherwise. But that doesn't end the matter—we still need to decide whether we should adhere to *Yates* for reasons of stare decisis. After all, that case has been on the books for nearly 40 years.

**{¶ 51}** Stare decisis is a bedrock principle in Ohio courts; adherence to precedents promotes stability and predictability. *See Westfield Ins. Co. v. Galatis*, 2003-Ohio-5849, ¶ 43. But stare decisis "was not intended 'to effect a "petrifying rigidity."'" *Clark v. Southview Hosp. & Family Health Ctr.*, 1994-Ohio-519, ¶ 14, quoting *Bing v. Thunig*, 163 N.Y.S.2d 3, 11 (1957). Although we do not lightly depart from past precedent, none of the considerations that might convince us to stick with a decision that was wrongly decided hold sway in this case.

**{¶ 52}** This is not a case in which we have any serious doubts about the correctness of our decision today. *Yates* was a statutory-construction case that completely failed to engage with the operative texts. It did not meaningfully analyze the language of R.C. 2945.67(A) or Crim.R. 29. It treated *Keeton*, 18 Ohio St.3d 379, as controlling but failed to acknowledge that *Keeton*'s treatment of R.C. 2945.67(A)'s "final verdict" language was unnecessary to its holding and that *Keeton* involved a situation in which double-jeopardy considerations precluded the retrial of the defendants. *Yates* was "decided by the narrowest of margins, over spirited dissents challenging the basic underpinnings of [the] decision[]," *Payne v. Tennessee*, 501 U.S. 808, 828-829 (1991). "Even under the most stringent test for

the propriety of overruling a statutory decision—that it appear beyond doubt that the decision misapprehended the meaning of the controlling provision" (cleaned up), *Johnson*, 480 U.S. at 673 (Scalia, J., dissenting), *Yates* should be overruled.

{¶ 53} What is more, the atextual rule we created in *Yates* has proved difficult in its practical application, created incongruities in our jurisprudence, and sown confusion in the lower courts. Just last year, we found it necessary to overrule a previous decision of this court that, relying on *Yates*, had improperly concluded that a venue-based judgment of acquittal was a nonappealable final verdict. *See Musarra*, 2025-Ohio-5058, at ¶ 26, *overruling Hampton*, 2012-Ohio-5688. And in *Ramirez*, we reversed a lower court's decision that erroneously concluded that a trial court's post-verdict judgment granting a new trial was a "final verdict" that could not be appealed. *See State v. Ramirez*, 2018-Ohio-1870, ¶ 1, 19 (6th Dist.), *rev'd*, 2020-Ohio-602 at ¶ 25. *Ramirez*, unlike *Yates*, applied a textual reading to R.C. 2945.67(A). *See Ramirez*, 2020-Ohio-602, at ¶ 21 ("Plainly, . . . an order [granting a new trial] is not a verdict.").

{¶ 54} Our decision in *Ramirez* highlights one of the many anomalies caused by our decision in *Yates*. Following a guilty verdict, it is not uncommon for a defendant to move for a judgment of acquittal under Crim.R. 29(C) and, in the alternative, for a new trial on the basis that the verdict is contrary to law under Crim.R. 33(A)(4). *Ramirez* makes clear that if the trial court grants such a new-trial motion, the State may pursue a discretionary appeal. But if the trial court takes the more drastic step of granting a Crim.R. 29(C) judgment of acquittal, under *Yates*, the State is barred from appellate review—despite the fact that in neither situation are double-jeopardy principles implicated.

{¶ 55} Another incongruity arises from the tension between *Yates* and R.C. 2945.67(A)'s broad grant of authority to the State to seek a discretionary review of "any other decision" of the trial court in a criminal case. Our post-*Yates* caselaw has interpreted R.C. 2945.67(A) as allowing discretionary appeals of "substantive

law rulings made in a criminal case which result in a judgment of acquittal so long as the judgment itself is not appealed." *State v. Bistricky*, 51 Ohio St.3d 157 (1990), syllabus. What that means is that a court of appeals may review a trial court's substantive legal rulings and conclude that the trial court erred in granting a judgment of acquittal, but find itself powerless to reinstate the jury's verdict. *See, e.g.*, *State v. McElroy*, 2023-Ohio-1609, ¶ 14 (9th Dist.) (concluding that the trial court's decision granting judgment of acquittal "was erroneous and contrary to law" but nonetheless affirming the trial court's judgment rather than reinstating the jury's verdict). Such results hardly promote confidence in the rule of law.

{¶ 56} There are no appreciable reliance issues that will be upset by overruling *Yates*. Stare decisis concerns are at their apex in cases involving property and contract rules that create rules of conduct around which people have ordered their affairs. *See Payne*, 501 U.S. at 828. The opposite is true in cases involving procedural rules that "'do[] not serve as a guide to lawful behavior.'" *State v. Silverman*, 2009-Ohio-1576, ¶ 32, quoting *United States v. Gaudin*, 515 U.S. 506, 521 (1995). Overruling *Yates* will do nothing to upset prior decisions setting aside jury verdicts for which the time to appeal has elapsed. It simply means that going forward, the State may challenge a judgment of acquittal that was entered after a jury's verdict and seek to have the jury's verdict reinstated. No one can be said to have a reliance interest in insulating a wrongful post-verdict judgment of acquittal from appellate review.

{¶ 57} On the other hand, there are compelling institutional interests that are advanced by overruling *Yates*. *Yates* places erroneous post-verdict judgments of acquittal beyond the scope of appellate review. It does so even when a defendant has been convicted by a jury of his peers and there is no double-jeopardy barrier to an appeal. Thus, adhering to *Yates* ensures that at least in some cases the guilty will walk free despite a valid conviction.

{¶ 58} When a trial court has erred in setting aside a jury's verdict, nothing in the plain text of R.C. 2945.67(A) prevents the State from appealing that decision and nothing in the double-jeopardy protection prevents an appellate court from reinstating the jury's verdict on appeal. We will not for reasons of stare decisis continue to adhere to an erroneous interpretation of R.C. 2945.67(A) that has the pernicious effect of insulating from review erroneously issued post-verdict judgments of acquittal.

### E. The State may pursue a discretionary appeal

{¶ 59} The State devotes most of its briefing to rebutting the Eighth District's conclusion that a post-verdict judgment of acquittal is a final verdict that may not be appealed under R.C. 2945.67(A). It presents alternative arguments about why it may appeal such a judgment of acquittal. It argues that it is entitled to an appeal as of right but, if not, that it is entitled to pursue a discretionary appeal.

{¶ 60} We can quickly reject the State's appeal-as-of-right argument. R.C. 2945.67(A) allows an appeal as of right from any decision which "grants a motion to dismiss all or any part of an indictment, complaint, or information, a motion to suppress evidence, or a motion for the return of seized property or grants post conviction relief pursuant to sections 2953.21 to 2953.24 of the Revised Code." Although a post-verdict judgment of acquittal is not listed as something that may be appealed as of right, the State argues that the substantive effect of such a judgment is to dismiss the charges against the defendant. The Criminal Rules, however, distinguish between a pretrial "motion to dismiss based on a defect in the institution of the prosecution or in the indictment, information, or complaint," Crim.R. 12(J), and a "motion for a judgment of acquittal," Crim.R. 29(B). R.C. 2945.67(A) makes any decision granting the former appealable as of right but not any decision granting the latter. The same textual considerations that inform the rest of this opinion cause us to reject the State's attempt to shoehorn a post-verdict

Crim.R. 29(B) judgment of acquittal into those matters that are subject to an appeal as of right.

{¶ 61} Rather, a post-verdict Crim.R. 29(B) judgment of acquittal falls within those matters that may be may appealed by leave of the court of appeals: "any other decision, except the final verdict, of the trial court in a criminal case or of the juvenile court in a delinquency case," R.C. 2945.67(A). Because the Eighth District denied the State leave to appeal based on its understanding that the State had no right to seek leave to appeal the trial court's post-verdict judgment of acquittal, we reverse its decision denying leave to appeal and remand this matter to the Eight District to determine whether the State should be granted leave to pursue a discretionary appeal.

### III.  CONCLUSION

{¶ 62} We reverse the judgment of the Eighth District Court of Appeals and remand the case to that court for it to consider the State's motion for leave to appeal filed in case No. 114317.  Because the State is not entitled to an appeal as of right of the trial court's post-verdict judgment of acquittal, we affirm the judgment of the Eighth District dismissing the State's appeal as of right in case No. 114315.

Judgment affirmed in part

and reversed in part

and cause remanded.

————————————

**KENNEDY, C.J., joined by FISCHER and BRUNNER, JJ., concurring in part and dissenting in part.**

{¶ 63} I agree with the majority's conclusion that the State of Ohio may not appeal as of right a trial court's judgment of acquittal rendered after a jury's guilty verdict in a criminal case.  Therefore, I concur in the court's judgment affirming the judgment of the Eighth District Court of Appeals dismissing the State's appeal as of right in case No. 114315.  However, I would also hold that the State may not

appeal by leave of a court of appeals from a trial court's judgment of acquittal rendered after a jury's guilty verdict in a criminal case. That conclusion is compelled by the plain language of R.C. 2945.67(A) and our longstanding precedent construing that statute. Consequently, I dissent from the court's judgment reversing the judgment of the Eighth District in case No. 114317 and would affirm the judgment of the Eighth District denying the State's motion for leave to appeal.

### The Statutory Language

*R.C. 2945.67(A) Prohibits Appeals from a Trial Court's Final Verdict*

{¶ 64} This case presents a straightforward question of statutory interpretation. As we have long explained, "[t]he question is not what did the general assembly intend to enact, but what is the meaning of that which it did enact." *Slingluff v. Weaver*, 66 Ohio St. 621 (1902), paragraph two of the syllabus. "When the statutory language is plain and unambiguous, and conveys a clear and definite meaning, we must rely on what the General Assembly has said." *Jones v. Action Coupling & Equip., Inc.*, 2003-Ohio-1099, ¶ 12. Importantly, "[a]n unambiguous statute is to be applied, not interpreted." *Sears v. Weimer*, 143 Ohio St. 312 (1944), paragraph five of the syllabus.

{¶ 65} We must start with the language of R.C. 2945.67(A), which provides:

> A prosecuting attorney . . . may appeal as a matter of right *any decision of a trial court* in a criminal case, . . . which *decision* grants a motion to dismiss all or any part of an indictment, complaint, or information, a motion to suppress evidence, or a motion for the return of seized property or grants post conviction relief . . . , and may appeal by leave of the court to which the appeal

is taken *any other decision, except the final verdict, of the trial court*
in a criminal case . . . .

(Emphasis added.)

**{¶ 66}** When we look at the phrase "except the final verdict," we naturally ask, "Except from what?" The statute tells us that the final verdict is excepted from "any other decision." That raises the question, "Whose decision?" The statute explains that the decision is "of the trial court." The State can therefore appeal by leave of court "other" decisions except for the final verdict "of the trial court."

**{¶ 67}** R.C. 2945.67(A) is all about appeals of *trial-court decisions*. It creates a class of four types of trial-court decisions that may be appealed by the prosecution as of right. It then creates a second class of trial-court decisions that may be appealed with leave: "any other decision" besides that which may be appealed as of right. But R.C. 2945.67(A) does not stop there. It provides an exception to this second class of "other" trial-court decisions, barring the prosecution from appealing the final verdict "of the trial court." That is, the prosecution may seek to appeal any decision of the trial court—either with or without leave—except a trial-court decision rendering the final verdict. This is the only grammatical reading of the statute that makes sense, and all the dictionaries in the world cannot change that fact.

**{¶ 68}** Relevantly, "judges, like juries, can acquit defendants." *United States v. Sisson*, 399 U.S. 267, 290 (1970). Trial courts have the "discretion to direct a jury to return a verdict of acquittal." *Evans v. Michigan*, 568 U.S. 313, 328 (2013). A trial court may also enter an acquittal itself. *Id.* at 328-329. And Crim.R. 29(A) and (C) explicitly permit a trial-court judge to acquit a defendant when the evidence is insufficient to sustain a conviction of an offense.

**{¶ 69}** We also know that trial courts render verdicts, such as when a three-judge panel decides a capital case. *See State v. Ruppert*, 54 Ohio St.2d 263 (1978),

24

paragraphs one and two of the syllabus. In that context, the three-judge panel must enter a verdict of guilty or not guilty on any offense. *See id.* More generally, when a defendant has waived his or her right to a jury trial, a trial-court judge must "hear, try, and determine the cause in accordance with the rules and in like manner as if the cause were being tried before a jury." R.C. 2945.06. This at least suggests that a jury's determinations and a judge's determinations ought to be functionally equivalent before they have been reduced to a judgment.

{¶ 70} Given this background, the grammatically correct reading of R.C. 2945.67(A) is more appropriate than the majority's reading of the statute. Based on the plain language of R.C. 2945.67(A), the term "final verdict" refers to a decision of the trial court, not to a jury verdict.

*Reading a Jury Verdict into R.C. 2945.67(A) Renders*

*Statutory Language Superfluous*

{¶ 71} Reading the phrase "except the final verdict" in R.C. 2945.67(A) as referring to a jury verdict makes the phrase ineffectual because (1) a jury's verdict alone is never appealable because it is not "final" and (2) well-established double-jeopardy principles already prohibit an appeal from a jury's judgment of acquittal.

{¶ 72} First, a jury's verdict alone is never "final." It does not, by itself, "'leave nothing for the determination of the court.'" *Miller v. First Internatl. Fid. & Trust Bldg., Ltd.*, 2007-Ohio-2457, ¶ 6, quoting *Hamilton Cty. Bd. of Mental Retardation & Dev. Disabilities v. Professionals Guild of Ohio*, 46 Ohio St.3d 147, 153 (1989). Indeed, a trial court has the authority to modify or set aside a jury's guilty verdict until a judgment is entered. *See* Crim.R. 29(C). Because a jury's verdict is never final on its own, it is also never appealable on its own: there first must be a corresponding judgment of the trial court. *See* Crim.R. 32(C) ("A judgment of conviction shall set forth the fact of conviction and the sentence. . . . If the defendant is found not guilty or for any other reason is entitled to be discharged, the court shall render judgment accordingly. . . ."). This lack of

appealability would render the phrase "except the final verdict" in R.C. 2945.67(A) superfluous under the majority's reading.

{¶ 73} Second, reading the phrase "except the final verdict" in R.C. 2945.67(A) as referring to a jury verdict would make the phrase ineffectual because of well-established double-jeopardy principles. "[A] jury verdict of acquittal precludes retrial, and thus bars appeal of any legal error that may have led to that acquittal." *Evans*, 568 U.S. at 328. Because the federal Constitution already prohibits appeals from a jury's verdict of acquittal, an additional statutory prohibition on appeals from a jury's verdict would be superfluous.

{¶ 74} In an ideal world, the General Assembly would stick closely to the dictionary definitions of the words it chooses. But we are obligated to give effect to every word in a statute and avoid a construction that would render any provision superfluous. *Rhodes v. New Philadelphia*, 2011-Ohio-3279, ¶ 23. Here, the only reading that gives effect to every word in R.C. 2945.67(A) is the one assigning "the final verdict" to the trial court.

### *Keeton*, *Yates*, and Stare Decisis

{¶ 75} Unsurprisingly, the grammatically correct reading of R.C. 2945.67(A) is also the one obtained from over 40 years of unbroken precedent. In *State v. Keeton*, this court, in its syllabus, held that "[a] directed verdict of acquittal by the trial judge in a criminal case is a 'final verdict' within the meaning of R.C. 2945.67(A) which is not appealable by the state as a matter of right or by leave to appeal pursuant to that statute." 18 Ohio St.3d 379 (1985), paragraph two of the syllabus. Notably, when *Keeton* was decided, "[o]nly what is stated in a syllabus or in an opinion *per curiam* or by the court represents a pronouncement of law by this court," *State ex rel. Canada v. Phillips*, 168 Ohio St. 191 (1958), paragraph six of the syllabus. When *Keeton* was decided, everything stated in the syllabus was considered controlling. *See* former Rep.Op.R. (1)(B), 3 Ohio St.3d xxi ("The syllabus of a Supreme Court opinion states the controlling point or points of law

26

decided in and necessarily arising from the facts of the specific case before the Court for adjudication."). We therefore do not need to explore the text of the opinion in *Keeton* to determine the court's holding, and the majority's decision to ignore paragraph two of the syllabus in *Keeton* as dicta is off base. *See* majority opinion, ¶ 42.

{¶ 76} Regardless, this court buttressed *Keeton* with *State ex rel. Yates v. Montgomery Cty. Court of Appeals*, 32 Ohio St.3d 30 (1987). In its syllabus in *Yates*, the court held that "[a] judgment of acquittal by the trial judge, based upon Crim.R. 29(C), is a final verdict within the meaning of R.C. 2945.67(A) and is not appealable by the state as a matter of right or by leave to appeal pursuant to that statute." The rule of law in *Yates* was established by the court's syllabus, so we do not need to look at the remainder of the opinion for a pronouncement of law by the court. But should we look anyway, the court explained later in the opinion that a judgment of acquittal grounded on the sufficiency of evidence of guilt is "a factual determination of innocence"—an acquittal—and therefore a final verdict. *Id.* at 32-33. The court distinguished R.C. 2945.67(A) from its federal counterpart, 18 U.S.C. 3731, which permits the government the right to appeal certain trial-court decisions to the extent permitted by the Double Jeopardy Clause of the United States Constitution. *See id.* at 32. The court also noted that the right of the prosecution to appeal in a criminal case was solely a question of statute. *See id.*

{¶ 77} Since *Keeton* and *Yates* were decided, we have discussed their holdings approvingly. In *State v. Ross*, we noted that a trial court's judgment of acquittal is an unappealable final order while we were deciding the effects of a motion for reconsideration of an order denying a motion for judgment of acquittal. 2010-Ohio-6282, ¶ 2, 16. In *State ex rel. Prade v. Ninth Dist. Court of Appeals*, we again affirmed the holding in *Yates* and distinguished a trial court's judgment of acquittal from a judgment granting postconviction relief. 2017-Ohio-7651, ¶ 19, 24-25. Most recently, in *State v. Musarra*, we again acknowledged that "this court

has previously concluded that a judgment of acquittal is a 'final verdict' that cannot be appealed." 2025-Ohio-5058, ¶ 9.

{¶ 78} Even if, for the sake of argument, *Keeton*, *Yates*, and their progeny were wrongly decided, that does not mean that those decisions should be overruled. Although stare decisis has never been an "'inexorable command,'" *Rocky River v. State Emp. Relations Bd.*, 43 Ohio St.3d 1, 6, (1989), quoting *Washington v. W.C. Dawson & Co.*, 264 U.S. 219, 238 (1924) (Brandeis, J., dissenting), it "reflects a judgment 'that "in most matters it is more important that the applicable rule of law be settled than that it be settled right,"'" *Knick v. Scott*, 588 U.S. 180, 202 (2019), quoting *Agostini v. Felton*, 521 U.S. 203, 235 (1997), quoting *Burnet v. Coronado Oil & Gas Co.*, 285 U.S. 393, 406 (1932) (Brandeis, J., dissenting).

{¶ 79} The question whether a trial court's judgment of acquittal is a final verdict under R.C. 2945.67(A) has been settled for over 40 years. This court has said that "the rule of *stare decisis* is applied with varying force depending on the specific type of precedent involved." *Rocky River* at 6. But stare decisis is more compelling when, as here, the precedent at issue involves the construction of a statute as opposed to caselaw. *Id.*

{¶ 80} While I recognize that legislative inaction is not a sure way to gauge legislative intent, it has been over 40 years since this court decided *Keeton*, and even though the legislature has amended R.C. 2945.67(A) during that time, the legislature has not chosen to overrule *Keeton*, *Yates*, or their progeny. *Compare* R.C. 2945.67(A) *with* former R.C. 2945.67(A), 137 Ohio Laws, Part II, 3895, 3897.

## Conclusion

{¶ 81} I would therefore affirm the Eighth District Court of Appeals' judgments in case Nos. 114315 and 114317. Because the majority holds otherwise, I concur in part and dissent in part.

_____

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Daniel T. Van, Tasha L. Forchione, and Michael R. Wajda, Assistant Prosecuting Attorneys, for appellant.

Cullen Sweeney, Cuyahoga County Public Defender, and Francis Cavallo, Assistant Public Defender, for appellee.

D. Andrew Wilson, Attorney General, Mathura J. Sridharan, Solicitor General, and Stephen P. Carney, Deputy Solicitor General, urging reversal for amicus curiae Ohio Attorney General D. Andrew Wilson.

Steven L. Taylor, urging reversal for amicus curiae Ohio Prosecuting Attorneys Association.

Connie Pillich, Hamilton County Prosecuting Attorney, and Norbert Wessels, Assistant Prosecuting Attorney, urging reversal for amicus curiae Hamilton County Prosecutor's Office.

Eric C. Stewart, Logan County Prosecuting Attorney, and Nathan L. Yohey, Assistant Prosecuting Attorney, urging reversal for amicus curiae Logan County Prosecutor's Office.

Elizabeth R. Miller, Ohio Public Defender, and Mallorie Thomas, Assistant Public Defender, urging affirmance for amicus curiae Office of the Ohio Public Defender.

_____